**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

DARIAN TOWNES,                          )
                                        )
                  Plaintiff,            )
                                        )
v.                                      )                    CV420-250
                                        )
CARE TREATMENT                          )
WARDEN PINERO, *et al.*,                )
                                        )
                  Defendants.           )

## ORDER

The Court issued a Report and Recommendation (R&R) recommending that plaintiff's motion for leave to proceed *in forma pauperis* (IFP) be denied as he failed to establish his indigency and to comply with an order of the Court. Doc. 6. Plaintiff has filed an objection to the R&R and a copy of his prisoner account statement. Doc. 7; doc. 8. That objection, however, does not address the plaintiff's failure to comply with the Court's instructions. Nevertheless, since it appears that he wishes to prosecute this case, the Court will afford him one final opportunity to comply.

Though a *pro se* litigant is entitled to a charitable construction of their pleadings and a degree of leniency, they must still conform to

procedural rules. *Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014). This includes complying with the direct orders of the Court. Fed. R. Civ. P. 41(b) (providing for dismissal of a case for failure to abide by a court order); L.R. 41.1 (same). The Court might liberally construe plaintiff's objection and financial statement as another attempt to comply with the Court's directive and to establish his indigency, but it again fails to comply with the Court's directive.

Despite plaintiff's contention that his incarceration makes the majority of the IFP form inapplicable, he must be held to the same standard as every other prisoner that seeks IFP status and fully completes the application. Much of the relevant information can be gleaned from the objection and financial statement; however, these documents were not submitted under penalty of perjury, as required by the standard form. As such the Court remains unsatisfied of plaintiff's indigency.

Plaintiff shall be afforded one final opportunity to comply with the Court's Order. The period during which parties may object to the R&R is extended to 21 days from the date of this Order. Within that time, plaintiff is **DIRECTED** to file a completed Application to Proceed in District Court Without Prepaying Fees of Cost form (AO240), following all instructions

on the form.[1]   In the alternative, he may provide a written affidavit providing the same information as is requested in the available form and including the language: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746.  The Clerk of Court is **DIRECTED** to include with this Order a copy of the Short Form Application to Proceed in District Court without Prepaying Fees or Costs (AO240).

   **SO ORDERED**, this 4th day of December, 2020.


_Christopher L. Ray_
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Section two is the only portion of the form that solely applies to non-incarcerated parties.  All other information must be provided, even if the answer is zero or "I do not know."